IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHARISSA MAYES,

    Plaintiff,

v.

CITY OF BOONVILLE, MISSOURI,

SERVE:
    City Counselor
    Douglas Abele
    401 Main Street
    Boonville, MO 65233

    Defendant.

Case No. 2:22-cv-04071

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff Charissa Mayes, by and through her undersigned attorneys of record, for her complaint against the City of Boonville, Missouri, and states to the Court as follows:

1. Ms. Mayes was employed by the City of Boonville as the City Counselor/City Planner from approximately October 2015 to April 2018.

2. Ms. Mayes asked for a raise to fairly compensate her for the extra work she performed, but when she did, a city councilman asked her, "Can we date again?" and, "Can we get back in a relationship?"

3. Similarly, a different city councilman (now the mayor) commented on the color of Ms. Mayes' fingernail polish when she asked for a raise, saying, "That's something my granddaughter would wear," rather than engaging with her on her request for equal pay.

1

4. Ms. Mayes filed a complaint with the City of Boonville alleging, *inter alia*, harassment and discrimination on the basis of her sex.

5. The City of Boonville engaged its insurer to investigate Ms. Mayes' complaint and, on or about April 4, 2018, reported to Ms. Mayes its (incorrect) finding that her claims did not rise to the level of harassment or discrimination on the basis of sex.

6. At the next city council meeting, on or about April 10, 2018, the council held a closed-door session and, following that session, announced Ms. Mayes was terminated. No reason was provided for her termination.

7. But the reason for Ms. Mayes' termination was because of her sex and because she opposed and complained about harassment and discrimination on the basis of her sex. This violated Title VII of the Civil Rights Act of 1964 ("Title VII"), and the City of Boonville is liable as a result.

## PARTIES

8. Ms. Mayes (a female) is, and was at all times, a resident of Cooper County, Missouri. Ms. Mayes was employed by the City of Boonville from approximately October 2015 to April 2018. She is an employee under Title VII.

9. The City of Boonville is a Missouri city. It has the capacity to sue and be sued. It is a person and an employer under Title VII.

10. Steve Young (a male) is a city councilman for the City of Boonville and was a city councilman while Ms. Mayes was employed by the City of Boonville. He is a person and an agent of the City of Boonville under Title VII.

11. Ned Beach (a male) is the mayor of the City of Boonville and was also a city councilman while Ms. Mayes was employed by the City of Boonville. He is a person and an agent of the City of Boonville under Title VII.

12. Irl Tessendorf (a male) was the City Administrator of the City of Boonville while Ms. Mayes was employed by the City of Boonville. He is a person and an agent of the City of Boonville under Title VII.

13. Service on the City of Boonville is proper to the city attorney pursuant to Fed. R. Civ. P. 4(j)(2)(B) and Mo. Sup. Ct. R. 54.13(b)(4).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1331 because the claims brought herein arise under the laws of the United States and thus present federal questions.

15. This Court has general personal jurisdiction over the City of Boonville.

16. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because the City of Boonville is deemed a resident of the Western District of Missouri as it is subject to personal jurisdiction in this District. Venue in this division is proper because the City of Boonville is located in the Central Division of this Court and a substantial part of the events giving rise to the claims in this suit occurred in Cooper County, Missouri.

## FACTS COMMON TO ALL COUNTS

17. Ms. Mayes was employed by the City of Boonville as the City Counselor/City Planner from approximately October 2015 to April 2018. She was a highly competent

employee, who was never disciplined for her work performance and received positive evaluations from her supervisor.

18. Around November 2016, at the request of the city council, Ms. Mayes began performing legal work outside her required duties.

19. After performing these additional duties for approximately one year, Ms. Mayes asked City Administrator Irl Tessendorf for a pay raise. Her request was denied.

20. But Mr. Tessendorf had approved additional pay for the male employees of the public works and parks departments when those employees were assigned extra duties.

21. And when Ms. Mayes pointed out the City Administrator's assistant was given extra compensation when extra duties were assigned to her, then-Mayor Julie Thacher explained that the assistant had financial obligations related to her young family. Ms. Mayes understood this to mean that because she was a woman without dependents, she did not deserve the same basis for compensation.

22. Ms. Mayes continued doing extra work through the end of her employment, even though she was never properly compensated for it, and the City of Boonville had the funds to fulfill her request for a raise.

23. On or around February 23, 2018, Ms. Mayes spoke to Councilman Steve Young about the fact that she was underpaid. But instead of discussing it with her, Councilman Young suggested Ms. Mayes should stop bringing up issues with her pay.

24. During this conversation, Councilman Young asked, "Can we date again?" and "Can we get back in a relationship?" and other similar inquiries. Ms. Mayes understood this to mean Councilman Young would support her request for a pay raise if she dated him. Ms.

Mayes explained she had no interest in being in a personal relationship with him and that his advances made her feel uncomfortable and objectified.

25. On or around February 28, 2018, Ms. Mayes spoke with then-Councilman (now-Mayor) Ned Beach about the fact that she was underpaid. Instead, the first thing he said was to comment on Ms. Mayes' fingernail polish, saying, "That's something my granddaughter would wear." Ms. Mayes understood this to mean she did not fit into his picture of womanhood.

26. Ms. Mayes complained of the treatment she had received to the City Administrator and the assistant administrator. Doing so complied with the City of Boonville's reporting policies.

27. Ms. Mayes reasonably and in good faith believed she had been subjected to harassment and discrimination on the basis of her sex.

28. On or about March 1, 2018, Ms. Mayes filed a formal complaint with the City of Boonville based on Councilman Young's quid-pro-quo proposition to her alleging, *inter alia*, harassment and discrimination on the basis of her sex.

29. The City of Boonville engaged its insurer to investigate Ms. Mayes' complaint. The insurer found that what had been said to Ms. Mayes did not rise to the level of harassment or discrimination. This finding was incorrect.

30. On or about April 4, 2018, this finding was reported to Ms. Mayes.

31. At the next city council meeting (where Mr. Beach was sworn in as the new mayor), on or about April 10, 2018, the council went into a closed-door session. When the council emerged, Mayor Beach announced Ms. Mayes' employment was terminated. No reason was provided for her termination.

32. The reason Ms. Mayes was fired was because of her sex and because she opposed and complained about harassment and discrimination on the basis of her sex.

33. As a result of her termination, Ms. Mayes has suffered, and will continue to suffer, economic and noneconomic damages.

34. Following Ms. Mayes' termination, Mr. Young has continued to harass Ms. Mayes, including by trespass and damage to her property, for which Ms. Mayes filed a police report.

35. On or about June 25, 2018, Ms. Mayes filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (attached as Exhibit 1).

36. On or about March 3, 2022, Ms. Mayes received a notice of right to sue (attached as Exhibit 2).

COUNT I – CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Sex Discrimination and Retaliation)

37. Ms. Mayes hereby realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though the same were restated fully herein.

38. Ms. Mayes' sex was a motivating factor in the City of Boonville's and its agents' conduct.

39. Ms. Mayes complained to the City of Boonville that she was being harassed and discriminated against on the basis of her sex. Ms. Mayes reasonably and in good faith believed so.

40. Ms. Mayes' treatment was because of her sex and because she opposed and complained about harassment and discrimination on the basis of her sex.

41. As a direct result of the City of Boonville's and its agents' conduct, Ms. Mayes

has suffered, and continues to suffer, lost wages and other benefits.

42. Ms. Mayes has further suffered, and will continue to suffer, noneconomic damages as a result of the loss of enjoyment of life, anger, frustration, anguish, inconvenience, disappointment, humiliation, and distress caused by the City of Boonville's and its agents' conduct.

43. The City of Boonville, through the conduct of its agents as described herein, acted with malice or reckless indifference to the rights of Ms. Mayes not to be discriminated against on the basis of her sex and in retaliation for her opposition to and complaints against unlawful harassment and discrimination.

44. Ms. Mayes is entitled to recover attorney's fees and costs in this action if she is the prevailing party.

WHEREFORE, Ms. Mayes demands judgment against the City of Boonville and prays the Court enter judgment against it in an amount that will fairly and justly compensate her for her compensatory damages, back pay, front pay, and punitive damages; award her reasonable attorney's fees and costs expended herein; award pre- and post-judgment interest as allowed by law; issue such injunctive orders necessary to prevent conduct of the type complained of herein from occurring in the future; and for such other relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Ms. Mayes hereby demands a jury trial on all issues so triable.

Respectfully submitted,

LEAR WERTS LLP

/s/Anthony J. Meyer
Bradford B. Lear, MO Bar # 53204
Todd C. Werts, MO Bar # 53288
Anthony J. Meyer, MO Bar # 71238
103 Ripley Street
Columbia, MO 65201
Telephone: 573-875-1991
Facsimile: 573-279-0024
Email: lear@learwerts.com
Email: werts@learwerts.com
Email: meyer@learwerts.com

ATTORNEYS FOR PLAINTIFF